**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4695**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ISIDRO ALBARRAN-FLORES,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00301-RJC-DCK-1)

Submitted: May 22, 2018                            Decided: May 30, 2018

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carnell T. Johnson, JOHNSON & NICHOLSON, PLLC, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Isidro Albarran-Flores of being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A) (2012). The district court sentenced Albarran-Flores to 36 months' imprisonment. On appeal, Albarran-Flores contends that the district court erred in applying a 6-level enhancement for assaulting a police officer during the course of the offense or flight therefrom in a manner creating a substantial risk of serious bodily injury. *See* U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2016). We affirm the district court's judgment.

"We accord due deference to a district court's application of the [S]entencing [G]uidelines." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. *Id.* However, "if the issue turns primarily on the legal interpretation of a guideline term, the standard moves closer to de novo review." *Id.* (alterations and internal quotation marks omitted).

Section 3A1.2(c) of the Sentencing Guidelines authorizes a sentencing court to enhance the offense level by six if the defendant, "in a manner creating a substantial risk of serious bodily injury, . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." The enhancement applies only "in circumstances tantamount to [an] aggravated assault"—that is, "assaultive conduct . . . sufficiently serious to create at least a 'substantial risk of serious bodily injury.'" USSG

2

§ 3A1.2(c)(1) cmt. n.4(A).[*] Because the Guidelines do not define assault, we apply the common law definition of assault. *United States v. Hampton*, 628 F.3d 660 (4th Cir. 2010). The common law defines assault as "attempted battery or the deliberate infliction upon another of a reasonable fear of physical injury." *Id.* (internal quotation marks omitted).

We conclude that the district court did not clearly err in applying the enhancement. A defendant's attempt to point a firearm at a law enforcement officer is a sufficient basis to apply the enhancement. *See, e.g.*, *United States v. Hill*, 583 F.3d 1075, 1079-80 (8th Cir. 2009); *United States v. Lee*, 199 F.3d 16, 19-20 (1st Cir. 1999). While Albarran-Flores takes issue with the district court relying on inferences, a district court is permitted to make inferences from the evidence, so long as those inferences are not clearly erroneous. *See United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004). Here, the surveillance video showed Albarran-Flores with a firearm immediately before the police officer arrived on the scene. The district court reasonably concluded that it would make no sense for Albarran-Flores to raise his arm and point it at the officer if he was not holding a firearm in his hand. The surveillance video does not conclusively prove that he was not in possession of a firearm, allowing the district court to rely on the officer's testimony that she believed that he was. *Cf. United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012) ("[W]hen a trial judge's finding is based on his decision to credit the testimony

---

[*] Guidelines commentary that "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."). Moreover, the video clearly identifies the officer's vehicle as a police cruiser, and the officer was in uniform, allowing the district court to conclude that Albarran-Flores knew that the officer was a police officer when he raised his arm toward her.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*